IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WESLEY J. SMITH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WARDEN, MONTANA STATE PRISON, AND DOES 1-10,<br><br>　　　　Defendants. | CV-24-69-H-BMM<br><br>ORDER |

　　　Plaintiff Wesley J. Smith, proceeding without counsel, filed a proposed Complaint. (Doc. 2.) Smith was directed to show cause why the Complaint should not be dismissed due to his claim being barred by the statute of limitations. (Doc. 7.) Smith responded. (Doc. 8.) The case will be dismissed, as described below.

　　　The events giving rise to Smith's claims occurred in January of 2019. (Doc. 2 at 1.) Smith was assaulted by other inmates at Montana State Prison, incurring serious and permanent injuries, and Smith recently has had encounters with the perpetrators that cause him anxiety about his safety. (Doc. 2 at 5.) Smith's Complaint alleges violations of his Eighth and Fourteenth Amendment rights as a result of the assault. (Doc. 2 at 1.)

1

Allegations related to the assault itself are barred by the statute of limitations. (Doc. 7.) Smith does allege a few facts, however, related to his ongoing housing assignments, various changes to his assignment, and his attempts to get transferred. (Doc. 2 at 4 – 5.) In May 2024, Smith was housed next door to one of his assailants. (Doc. 2 at 5.) Smith's allegations assume a level of familiarity with housing at Montana State Prison that prevents a clear understanding of how close these encounters have been.

In Smith's response to the Court's show cause order, he contends that his claim is a continuing tort, because of these recent interactions with or exposures to one of his assailants. (Doc. 8.) Smith contends that the statute of limitations has not run as long as the danger of future harm exists.

Prison officials are liable if they, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quotations omitted). On the other hand, prison officials who act reasonably, even if harm befalls the plaintiff, may not be liable. "A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions. Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual

Punishments Clause." *Farmer*, at 844–45 (internal citations and quotations omitted).

Whether prison officials were deliberately indifferent to Smith's safety before the 2019 assault is indisputably beyond the Court's reach. The statute of limitations has run on that claim. Smith's Complaint fails to sufficiently allege a claim due to factual deficiencies. Smith intends to state an ongoing failure to protect claim due to his alleged continued exposure.

One need not await injury to obtain relief on a claim of failure to protect by seeking injunctive relief. To obtain "injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct: their attitudes and conduct at the time suit is brought and persisting thereafter. An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue must adequately plead such a violation." *Farmer*, at 845–46 (internal citations and quotations omitted.)

Smith's Complaint does not seek injunctive relief, which is the only relief theoretically available to him, as he fails to allege that he, in fact, has suffered a preventable injury within the limitations period. Smith's only viable claim would be a failure to protect claim during the period in which defendants have known Smith is susceptible to injury at the hands of these assailants. This exposure has not

3

(yet) occurred. Smith's remedy is to seek injunctive relief to insure it does not, either by his own transfer or that of the assailants.

Smith has not sought that relief explicitly, though he does request "such other and further relief as the Court deems just and equitable." (Doc. 2 at 6.) The publicly available and judicially noticeable Department of Corrections records show that the named assailants are no longer at Montana State Prison. The relief appropriate to Smith's ongoing claim of failure to protect has already occurred. There is nothing further that any claim of a failure to protect could get for Smith, and his claim is thus moot. *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013).

### III. CONCLUSION

The Court has screened Smith's Complaint and determined that any claim related to his assault in 2019 is barred by the statute of limitations. Any claim, not adequately pled, related to an ongoing failure to protect fails to have a remedy, since the individuals have already left Montana State Prison. Smith's Complaint is dismissed. However, the dismissal will be without prejudice, as to the failure to protect claim, given that the inmates could be transferred back, and the asserted claim may revive.

Accordingly, it is HEREBY ORDERED that Smith's Complaint is DISMISSED, with prejudice as to his 2019 claim, and without prejudice as to any

ongoing claim for failure to protect. The Clerk of Court is directed to enter judgment according to Fed. R. Civ. P. 58.

DATED this 29th day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court